UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
                                                    :
VICTOR MARACHE                                       :
                                                    :
                              Plaintiff,             :          08 Civ. 11049
                                                    :
            -against-                                :          OPINION & ORDER
                                                    :
AKZO NOBEL COATINGS, INC.,                           :
EXXON MOBIL CHEMICAL COMPANY,                        :
THIBAUT & WALKER CO., INC, and                       :
DELTECH RESINS COMPANY as successor in               :
interest to Thibaut & Walker Co. Inc.                :
                                                    :
                              Defendants.            :
                                                    :
----------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

       Plaintiff Victor Marache brings this action against defendant Akzo Nobel Coatings, a

solvent-based lacquer sealer manufacturer, alleging that Akzo's lacquer sealer caused the July 26,

2006 Bronx fire in which he sustained burns to fifty percent of his body.  Marache voluntarily

dismissed his claims against Exxon Mobil Chemical Company without prejudice (Dkt. No. 38: Stip.

& Order of Discontinuance) and dismissed with prejudice his claims against Deltech Resins

Company (Dkt. No. 41: Stip of Discontinuance).  Specifically, Marache alleges that (1) Akzo failed

to provide adequate warnings (Compl. ¶¶ 73-91); (2) Akzo's lacquer sealer is defectively designed

(Compl. ¶¶ 92-101); Akzo acted negligently in the manufacture, formulation, production, distribution

and sale of the sealer (Compl. ¶¶ 1-58); and (4) Akzo breached express and implied warranties.

Pending now is Akzo's motion for summary judgment.

I.      THE REPORT AND RECOMMENDATION

       On March 12, 2010, Magistrate Judge Andrew Peck issued a report recommending that

defendant's motion be granted for the reasons set forth in the Report and Recommendation, except to

the extent that Akzo's motion sought summary judgment on plaintiff's claim that Akzo failed to

provide adequate warnings about the type of ventilation a consumer would need when using Akzo's lacquer-sealer.  Plaintiff and defendant subsequently filed timely objections to that Report and Recommendation.  On April 21, Judge Peck issued a Supplemental Report and Recommendation discussing the applicability of Hazard Communication Standard, 29 C.F.R. § 1920.1200.  Akzo relied on that regulation in its summary judgment motion papers, but argued for the first time in its objections to Judge Peck's Report that this was not the applicable regulation.  After *de novo* review of the Report and Recommendation and the Supplemental Report and Recommendation, as well as all objections to those Reports, *see* 28 U.S.C. § 636(b)(1)(B)-(C), the Court adopts Judge Peck's Report and Recommendation in its entirety, as well as the Supplemental Report and Recommendation.

### A.    Plaintiff's Objections

With respect to Marache's claim that Akzo failed to provide adequate warnings by omitting instructions to shut off main gas valves and electric circuit breakers, Judge Peck found that "Marache has not provided evidence that Akzo's failure to warn about such dangers proximately caused his injuries."  (Rep. & Rec. at 23.)  This conclusion was based on Judge Peck's finding that Marache did not read the warnings label except for the word "flammable," and that Marache's co-workers—Vito Mangiaelli and Angelo Mangiaelli—instructed Marache to turn off the gas and the electricity before using the lacquer sealer.  Judge Peck ultimately concluded that Marache and his co-workers knew to turn off the gas and electricity, but failed to do so.  Plaintiff maintains that the issue of whether the gas and electricity were actually turned off is in dispute, and therefore, Judge Peck's finding that defendants' conduct was not the proximate cause of plaintiff's injuries is erroneous because it is based on factual findings that are incorrect.

"While disputes over facts that might affect the outcome of a suit under the governing law will properly preclude the entry of summary judgment[,] [f]actual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Here,

even if plaintiff is correct that it remains unclear whether the gas and the electricity were turned off, the outcome of the present motion would be same. "To constitute proximate cause, an inadequate warning must be a *substantial cause* of the events leading to the injury.  An act cannot be the substantial cause if the injury would have occurred regardless of the content of defendant's warning." *Figueroa v. Boston Sci. Corp.*, 254 F. Supp. 2d 361, 370 (S.D.N.Y. 2003) (citations and internal quotation marks omitted).  Here, if plaintiff is correct and the gas and electricity were actually off when the accident occurred because Marache and his co-workers somehow knew to take this precaution—even assuming they learned to take this precaution from a source other than the warning label—then even an impeccable warning label with respect to the need to turn off the gas and electricity would not have changed the outcome.  That is, if the dispute centers on what the warning label should or should not have said, but the plaintiff did what the warning label should have said anyway, then there is no failure to warn claim, at least with respect to that aspect of the warning label.  Although this factual dispute may be relevant for a design defect claim, plaintiff has abandoned that claim by failing to respond to or even mention this claim in his opposition brief to Akzo's motion for summary judgment. (Rep. & Rec. at 33.)

A.  Defendant's Objections

Defendant—clearly displeased with the Magistrate's initial recommendation—put forth twenty-nine pages of general objections, which, when compared to the moving papers essentially seek re-argument on the same points that have already been considered and rejected by Magistrate Judge Peck.  Even more troubling and inexplicable is that Akzo now argues for the first time that different federal regulations govern plaintiff's failure to warn claim.

In its moving papers, Akzo stated that "Akzo's sales to [the intermediary distributor] were governed by the Hazard Communication Standard 29 C.F.R. 1910.1200."  (Def.'s Mem. of Law at 12.)  Plaintiff did not dispute that 29 C.F.R. 1910.1200 was the relevant legal standard, and Judge Peck analyzed Akzo's claims pursuant to that Federal Hazardous Substance Act ("FHSA") and the

3

Hazard Communication Standard ("HCS").  It is unclear why Akzo—an experienced defendant who has faced a number of lawsuits regarding the same product at issue in this case—would now for the first time inform the Court that the HCS is not the applicable regulation in this case.  Nowhere in its moving papers did Akzo mention that the Consumer Product Safety Commission ("CPSC") is the entity that promulgates regulations under the FHSA and that its regulations are found in 16 C.F.R., not 29 C.F.R.

In its lengthy objections, Akzo now argues that the "HCS is not the implementing regulation for the FHSA," but that the "Consumer Product Safety Commission promulgates regulations under the FHSA, and they are found at 16 C.F.R. §§ 1500.1-272."  Nowhere in its moving papers did Akzo make this argument, and for the reasons set forth in Magistrate Judge Peck's Supplemental Report and Recommendation, this Court declines to consider Akzo's new argument.  The Court is not required to consider this objection—if it can even properly be called an objection—because "an unsuccessful party is not entitled as of right to a de novo review by the judge of an argument never seasonably raised before the magistrate."  *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988); *see also Grand River Enters. Six Nations, Ltd. v. King*, No. 02 Civ. 5068, 2009 U.S. Dist. LEXIS 50527, at *19 (S.D.N.Y. May 15, 2009).  In addition, in its objections to the Supplemental Report and Recommendation, Akzo does not explain why this Court is obligated to apply a regulation that has expired, evening assuming that Akzo's sealer is a "contact adhesive."

Therefore, this Court adopts Judge Peck's decision denying summary judgment to defendant with respect to the failure to warn claim regarding ventilation.  In doing so, this Court notes that "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *New Orleans Emples. Ret. Sys. v. Omnicom Grp, Inc.*, 597 F.3d 501, 510 n.3 (2d Cir. 2010).  Akzo has set forth the reasons it believes summary judgment is warranted in this case, the Court has considered those

arguments and finds them insufficient to warrant granting defendant summary judgment on the

failure to warn claim regarding ventilation.

## III.    CONCLUSION

Accordingly, it is hereby ordered that Magistrate Judge Peck's Report and Recommendation

dated March 12, 2010 and the Supplemental Report and Recommendation dated April 21, 2010 are

adopted in full.    Defendant's motion for summary judgment is granted except with respect to

Marache's claim that Akzo failed to provide adequate warnings about ventilation.


Dated:  New York, New York
        September 7, 2010



SO ORDERED:

Sidney H. Stein, U.S.D.J.